Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
kgatien@kmwlaw.com
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Tel: (310) 248-3830
Fax: (310) 860-0363

Attorneys for Plaintiff
DIGITAL MEDIA GROUP, INC./
DMG d/b/a KJ ENTERTAINMENT

*NOTE CHANGES MADE BY THE COURT*

FILED
CLERK, U.S. DISTRICT COURT

SEP 11 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>IPTV CORPORATION, a California corporation doing business as THAITV.TV, an unknown business entity; BKT GROUP CORPORATION, a California corporation; and DOES 1-10,<br><br>        Defendants. | Civil Action No.: CV 08-8615 GW (JTLx) (SSx)<br><br>[PROPOSED]<br><br>**PROTECTIVE ORDER** |

*All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segall]"*

Plaintiff DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT ("Plaintiff") and defendants IPTV CORPORATION d/b/a THAITV.TV and BKT GROUP CORPORATION (collectively, "Defendants") (Plaintiff and Defendants are hereinafter collectively referred to as "the Parties") have requested entry of an order under Rule 26 of the Federal Rules of Civil Procedure ("Federal Rules") to protect confidential information during discovery and trial.  The court has determined that it is appropriate to enter such an Order for that purpose.  It is therefore ORDERED as follows:

## INTRODUCTION

The Parties agree that they will discuss at Meeting of Counsel Before Final Pretrial Conference pursuant to Local Rule 16-2 the issue of the use of documents at trial that have been designated as confidential information pursuant to this Order, and will also address this issue with this Court at the Final Pretrial Conference.

1.     *Applicability.*  The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as Confidential Information or Confidential – Attorneys' Eyes Only in connection with this action.

2.     *Third parties.*  The terms "disclosing party" and "producing party" encompass not only the Parties to this action but third parties who may disclose or produce information, *e.g.,* in response to a subpoena.

## DEFINITIONS

3.     *"Confidential Information"* and *"Confidential – Attorneys' Eyes Only"* (collectively, *"Covered Information"*) means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information

contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise:

    (a)    which is designated as such by the producing party; and

    (b)(1) which constitutes or contains a trade secret or other confidential research, development, business transactions, or commercial information; and

    (b)(2) the disclosure of which information is likely to have the effect of harming the competitive position of the producing party; or the disclosure of which information would violate an obligation of confidentiality to a third person, including a court.

4.    *Examples of Covered Information.* In appropriate circumstances, Covered Information might include, by way of example but not of limitation, trade secrets, business plans, operations, research, technical or developmental information, know-how or apparatus, customer lists, contact lists, supplier lists, independent contractor lists, or the production, marketing, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses, or expenditures of the producing party.

5.    *Exceptions to confidentiality status.* Information will not be deemed Covered Information, and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

    (a)    is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, easily available to the public through publication or otherwise; or

    (b)    is already, through no wrongful act or failure to act, in the possession of the receiving party at the time of production.

6.    *"Other law firm attorneys"* means attorneys (*i.e.,* members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for

-2-

1  any party but who are not themselves of record and who have signed a document in
2  substantially the form of **Exhibit A** attached hereto.

3     7. *"Law Firm Personnel"* means (i) regular full- or part-time employees of
4  the law firms of the outside attorneys of record for any party; and (ii) non-employee
5  clerical personnel engaged by such law firms on a contract basis (*e.g.,* data clerks)
6  who have signed a document in substantially the form of **Exhibit A** attached hereto;
7  to whom it is necessary that the confidential information in question be disclosed for
8  purposes of any dispute between Parties to this lawsuit.

9     8. *"Outside consultants/experts"* means persons who are not employed by
10  the receiving party and who are retained by a party or its attorneys of record in this
11  litigation for the purpose of assisting in preparation of this litigation for trial, such as
12  accountants, statisticians, economists, technical consultants or other technical experts,
13  who have signed a document in substantially the form of **Exhibit A** attached hereto.

14     9. *"Service bureau"* means a company that:
15    (a) is independent of the Parties, but a company will not be deemed non-
16      independent solely because it does business, regularly or sporadically,
17      with a party;
18    (b) is engaged by counsel of record to perform clerical-type services in
19      connection with this litigation, *e.g.,* photocopying, imaging, computer
20      data entry, and the like, or jury consultation services; and
21    (c) has executed an undertaking to be bound by the provisions of this Order
22      in substantially the form of **Exhibit A** attached hereto, including the
23      specific undertaking to have its employees who have access to Covered
24      Information sign a document in substantially the form of **Exhibit A**
25      attached hereto agreeing not to use or disclose such information.
26     10. *"Other qualified person"* means any other person (a) who is so
27  designated (i) by order of the court after notice and an opportunity to be heard to all
28

1  affected Parties, or (ii) by agreement of the producing party, and (b) who has signed a
2  document in substantially the form of **Exhibit A** attached hereto.

3      11.    *"Qualified persons"* as to Confidential Information means persons who
4  have signed a document in substantially the form of **Exhibit A** attached hereto and
5  includes the following persons identified in this paragraph (except that the Court,
6  court personnel and counsel of record shall not be required to sign such document):

7      (a)    the Court and its officers, court reporters, and court personnel;

8      (b)    counsel of record for any party, such as counsel for Plaintiff, being the
9             law firm of KEATS, McFARLAND & WILSON, LLP, located at 9720
10            Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212;
11            and counsel for Defendants, being the law firm of SINA LAW GROUP,
12            located at 801 South Figueroa Street, 12th Floor, Los Angeles, California
13            90017;

14     (c)    other law firm attorneys and law firm personnel;

15     (d)    in-house counsel;

16     (e)    service bureaus, subject to the provisions of paragraph 9;

17     (f)    outside consultants/experts for Plaintiff and outside consultants/experts
18            for each Defendant, with prior notice to each producing party as detailed
19            in paragraph 20; and

20     (g)    other qualified persons, as to the information they are so designated
21            qualified, pursuant to paragraph 10.

22     12.    *"Qualified persons"* as to Confidential – Attorneys' Eyes Only means
23 persons who have signed a document in substantially the form of **Exhibit A** attached
24 hereto and includes the following persons identified in this paragraph (except that the
25 Court, court personnel and counsel of record shall not be required to sign such
26 document):

27     (a)    the Court and its officers, court reporters, and court personnel;

28

-4-

(b)  counsel of record for any party, such as counsel for Plaintiff, being the law firm of KEATS, McFARLAND & WILSON, LLP, located at 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212; and counsel for Defendants, being the law firm of SINA LAW GROUP, located at 801 South Figueroa Street, 12th Floor, Los Angeles, California 90017;

(c)  other law firm attorneys and law firm personnel;

(d)  in-house counsel;

(e)  outside consultants/experts for Plaintiff and outside consultants/experts for each Defendant, with prior notice to each producing party as detailed in paragraph 20; and

(f)  witnesses employed by the entity that produced such information.

## DESIGNATION AND IDENTIFICATION OF INFORMATION

13.  *Labeling of documents.*  Information being designated as Covered Information that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation.

14.  *Designation of other disclosures.*  Information being designated as Covered Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

15.  *Preliminary designation of documents being inspected.*  If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection.  For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential – Attorneys' Eyes Only."  Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain Covered

1   Information with the appropriate confidentiality marking at the time the copies are

2   produced to the inspecting party.

3       16.   *Designation not determinative.*  Designation of documents or other

4   specified information as Covered Information by counsel, or receipt of documents or

5   information so designated, shall not be considered as determinative of whether the

6   contents of the documents or the information specified are entitled to be deemed as

7   such.

8       17.   *Challenges to confidentiality designations.*  A party shall not be obligated

9   to challenge the propriety of a designation of information as Covered Information at

10  the time made, and failure to do so shall not preclude a subsequent challenge thereto.

11  If any party to the action disagrees at any stage of the proceedings with such a

12  designation, that party shall provide to the producing party written notice of its

13  disagreement. ~~The Parties shall first try to dispose of such dispute in good faith on an~~ *Parties must proceed pursuant*

14  ~~informal basis.~~  If the dispute cannot be resolved, the party challenging ~~the~~ *to Local Rule 37.*

15  ~~designation may request appropriate~~ relief from the court.  The burden of proving that

16  the information has been properly designated as Covered Information is on the party

17  making such designation.  ~~If a challenge to the designation of information as Covered~~

18  ~~Information is successful, the challenging party shall be awarded its actual attorneys'~~

19  ~~fees and costs incurred in making such challenge.~~ *GWS*

20      18.   *Designation of deposition testimony.*  The following procedures shall be

21  followed if Covered Information of a producing party is discussed or disclosed in a

22  deposition:

23      (a)   The producing party shall have the right to exclude from attendance at

24          the deposition, during such time as the Covered Information is to be

25          discussed or disclosed, any person other than the deponent, the court

26          reporter, and qualified persons.  For the avoidance of doubt, the deponent

27

28

must be a qualified person who has signed a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto.

(b)   The Covered Information shall be designated as Confidential or Confidential – Attorneys' Eyes Only at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

(c)   If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains Covered Information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

(d)   Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a copy of the transcript of the deposition.  During this 30-day period, all deposition transcripts and the information contained therein shall be deemed Confidential – Attorneys' Eyes Only.  The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Covered Information, and specific designations for each item or group of items on the list.  The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.

**ACCESS TO INFORMATION**

19.     Access to Covered Information disclosed to a receiving party shall be limited to qualified persons except with the prior written agreement of the producing party.

20.     The following procedure shall be followed for any disclosure of information as to which prior notice to the producing party is required under paragraphs 11(g) and 12(e):

(a)     By facsimile transmission with confirmation by overnight mail, counsel for the receiving party shall (i) notify counsel to the producing party in writing of its intention to make such disclosure ten (10) court days before the intended disclosure; (ii) specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made, including a curriculum vitae of such person; (iii) identify the particular information proposed to be disclosed; (iv) specify the reasons why the proposed disclosure is believed to be necessary; (v) provide to the producing party at the time of notice under this paragraph, a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto that has been signed by the party to whom disclosure shall be made.

(b)     If the producing party makes a written objection setting forth in detail the grounds for such objection within the 10-day period and the objection is not resolved between counsel within five (5) court days thereafter, the party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution.

(c)     If the dispute over the proposed disclosure is submitted to the Court by motion, the party objecting to disclosure of the information shall have the burden of persuasion.

21. *Disclosure in certain circumstances.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Covered Information.

22. *Restrictions on use.* Disclosure of information designated as Covered Information shall be solely for the purposes of resolving this lawsuit between the Parties; information so disclosed shall not be used for any other purpose. The persons receiving the information in question are prohibited from disclosing it to any other person except in conformance with this Order.

**OTHER PROVISIONS**

23. *Documents subject to the attorney-client privilege or work product immunity.* To facilitate discovery, the Parties may make documents available for inspection by counsel for the receiving party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both. Neither the production for inspection of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall constitute a waiver of the attorney-client privilege or work product immunity. After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose, subject to further order of the Court.

24. *Inadvertent production or disclosure of documents subject to the attorney-client privilege and/or work product immunity.* Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or both shall not constitute a waiver of, nor a prejudice to, any

   
1   claim that such documents or related material is privileged or protected by the work
2   product immunity, provided that the producing party notifies the receiving party in
3   writing promptly after discovery of such inadvertent production.  Such inadvertently
4   produced documents and all copies thereof shall promptly be returned to the
5   producing party upon request.  No use shall be made of such documents during
6   deposition or at trial, nor shall they be shown to anyone who has not already been
7   given access to them subsequent to the request to return them.  If the Parties are
8   unable to reach agreement within ten (10) days of such notice, the producing party
9   may seek relief from the Court pursuant to the requirements of Local Rule 37.  The
10  receiving party shall not disclose a document for which a claim of privilege or
11  immunity is made pursuant to this paragraph to any person, other than those persons
12  who had it in their possession prior to receipt of the notice from the producing party,
13  until the expiration of the 10-day period identified in this paragraph or, if application
14  is made to the Court, until disposition of that application by the Court.

15      25.   *Filing under seal.*  No document containing Covered Information shall be
16  filed with this Court unless it is in a sealed, opaque container or envelope including on
17  the outside thereof the case heading of this litigation and a notification that the
18  contents are subject to a protective order and the container is not to be opened except
19  on further order by this court or by stipulation of counsel for all Parties.  The clerk of
20  this Court is directed to maintain under seal all documents and transcripts of
21  deposition testimony designated as Covered Information that are so filed in this
22  litigation.   *See Local Rule 79.5.*

23      26.   *Use of information in court proceedings.*  Any receiving party that knows
24  that it intends to present Covered Information of another party in oral form at trial, or
25  during any pre- or post-trial hearing, shall first notify the Court and the producing
26  party a reasonable amount of time in advance.  Because of the policy favoring public
27  attendance at judicial proceedings, the Parties are strongly encouraged to agree on
28

procedures that will minimize the presentation of Covered Information in open court. In appropriate circumstances such procedures might include, *e.g.,* submission of written testimony under seal, presentation of "declassified" summaries of confidential information, and the like.  The Court does not here determine which if any such procedures might be suitable in particular situations.  Absent a stipulation of all Parties, the fact that information has been designated as Covered Information shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

27.     *Disposition of documents, etc., after final termination*

(a)     Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as Covered Information pursuant to this Order.  At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

(b)     Notwithstanding subparagraph (a), the attorneys of record for a party may maintain a set of pleadings, briefs, and similar papers filed with the Court, including all exhibits marked in discovery or at trial.  The above-described pleadings, briefs and similar papers filed with the Court and exhibits marked in discovery or at trial may be retained in confidence under the terms of this Protective Order by the outside counsel for the party.

28.     *No waiver of right or obligation to object to production.*  Nothing contained in this Order shall be construed as a waiver by any party of its right to

1  object to the subject matter of any request for production of documents in this action,

2  nor as a waiver by any other party of the first party's obligation to make proper

3  response to discovery requests.  The entry of this Order shall not be construed as an

4  agreement by any party to produce any documents or to supply any information and

5  shall not constitute an admission that any such documents that may exist are relevant

6  or material in any way to the issues raised in the pending action or admissible in such

7  action, nor as a waiver of any privilege with respect thereto.

8      29.    *Third parties.*  In the event that a party seeks discovery from a non-party

9  to this action, the non-party may invoke the terms of this Order in writing to all Parties

10  to the action with respect to any Covered Information to be provided to the requesting

11  party by the non-party by signing a document in substantially the form of **Exhibit B**

12  attached hereto.

13      30.    *Continuing jurisdiction.*  This Order shall survive the final conclusion of

14  the action, and this Court retains jurisdiction of the Parties hereto, and of any person

15  who executes a copy of **Exhibit A** or **Exhibit B**, indefinitely as to any dispute

16  between any of them regarding improper use of information disclosed pursuant to this

17  Order.

18  \\

19  \\

20  \\

21  \\

22  \\

23  \\

24  \\

25  \\

26  \\

27  \\

28

-12-

31.  *Requests for additional protection.*  This Order shall be without prejudice to the right of the Parties to request additional protection under Federal Rule 26(c), Fed. R. Civ. P. 26(c), for discovery requests made hereafter by any party.

```
IT IS SO ORDERED.
DATED: 9/10/09

UNITED STATES MAGISTRATE JUDGE
```

**AGREED TO:**

Dated: ~~August~~ *Sept.* 8, 2009

KEATS McFARLAND & WILSON, LLP

By: _____
     Konrad K. Gatien
     Attorneys for Plaintiff
     DIGITAL MEDIA GROUP,
     INC./DMG d/b/a KJ
     ENTERTAINMENT

Dated: ~~August~~ *Sept.* 3, 2009

SINA LAW GROUP

By: _____
     Reza Sina
     Attorneys for Defendants
     IPTV CORPORATION d/b/a
     THAITV.TV and BKT GROUP
     CORPORATION

ll future discovery filings shall include the following language on the cover page:
"[Referred to Magistrate Judge Suzanne H. Segal]"

-13-

**EXHIBIT A:**

**UNDERTAKING PURSUANT TO AGREED**

**PROTECTIVE ORDER**

1.     I, the person named below, declare that the following information is true:

     a.     Name:

     b.     Address:

     c.     Employer name and address:                    ,

     d.     Title:

     e.     Occupation/job description:

     f.     Other work, if any (*e.g.,* consulting):

     g.     Past or present relationship to plaintiff(s) or defendant(s), if any:

     h.     I am executing this undertaking on behalf of (check all that are applicable): ____ myself ____ my employer

     i.     My employer __ is __ is not a service bureau (see paragraph 9 of the protective order (the "Protective Order") in this action.

2.     I have received a copy of the agreed Protective Order in this action.

3.     I have carefully read and understand the provisions of the Protective Order. I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Covered Information received under the protection of the Protective Order in violation thereof.

4.     I understand that I am to retain all copies of any of the materials that I receive that have been designated as Covered Information in a container, cabinet, drawer, room or other safe place in a matter consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the

-14-

subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

     5.    If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Protective Order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

     6.    If my employer is a service bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to Covered Information under the Protective Order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.

     EXECUTED UNDER PENALTY OF PERJURY on _____, 2009, at _____ in the State of _____.


_____
(Signature)

-15-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B:**

**THIRD PARTY AGREEMENT TO PROTECTIVE ORDER**

_____, as a non-party to *Digital Media Group, Inc./DMG v. IPTV Corporation, et al.*, Case No. CV 08-8615-GW (JTLx), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in the Protective Order entered in *Digital Media Group, Inc./DMG v. IPTV Corporation, et al.*, Case No. CV 08-8615-GW (JTLx).

_____, therefore, agrees, to the terms and conditions of the Protective Order entered in *Digital Media Group, Inc./DMG v. IPTV Corporation, et al.*, Case No. CV 08-8615-GW (JTLx) to appropriately protect this information from improper disclosure.


Date:_____                    _____
                                                      Individual/Company

                                          By:  _____
                                                      Signature

                                          Its: _____
                                                      Title

-16-