Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
kgatien@kmwlaw.com
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Tel: (310) 248-3830
Fax: (310) 860-0363

Attorneys for Plaintiff
DIGITAL MEDIA GROUP, INC./
DMG d/b/a KJ ENTERTAINMENT

**MADE JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IPTV CORPORATION, a California corporation doing business as THAITV.TV, an unknown business entity; BKT GROUP CORPORATION, a California corporation; and DOES 1-10,<br><br>Defendants. | Civil Action No.: CV 08-8615 GW (JTLx)<br><br>**FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANTS** |

Plaintiff, DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT (hereinafter "DMG" or "Plaintiff"), having filed a Complaint in this action charging defendants IPTV CORPORATION d/b/a THAITV.TV and BKT GROUP CORPORATION (collectively, "Defendants") with federal copyright infringement, federal unfair competition and false designation of origin and false description, state statutory unfair competition, and constructive trust, and the parties desiring to settle the controversy between them, it is

**ORDERED, ADJUDGED AND DECREED** as between the parties that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 501; 28 U.S.C. § 1331 and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and § 1400(a). Service was properly made against Defendants and Defendants do not contest service or jurisdiction.

2. DMG is a corporation duly organized and existing under the laws of the State of California and doing business as the fictitious business entity KJ Entertainment. DMG has a principal place of business at 2121 W. Crescent Ave., Suite D, Anaheim, California 92801. Since at least as early as 2006, DMG has been in the business of television and film distribution. DMG's activities include without limitation the licensing and distribution of Korean television programs dubbed or subtitled into other languages.

3. DMG is the exclusive North American licensee and/or owner by assignment of the copyrights in and to those certain Korean television programs identified in Exhibit 1 to the Complaint (collectively, the "Programs"), which were originally owned and/or produced by Seoul Broadcasting System International, Inc. ("SBS"), Mun Hwa Broadcasting Corporation ("MBC") and/or KBS America, Inc. ("KBS"). DMG, SBS, MBC and KBS are hereinafter referred to collectively as the "Rights Holders."

4. At all times herein relevant, the Rights Holders have complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, et seq., including compliance with the statutory registration and deposit requirements, and secured the exclusive rights and privileges in and to the copyrights of the Programs (the "Copyrights"). The Programs are original works, comprise copyrightable subject matter under the Copyright Act, and have been copyrighted in full compliance with the Copyright Act.

5. As the owner and/or exclusive licensee of the Programs, DMG has the exclusive right to distribute, display, perform, prepare derivative works, and to reproduce the Programs and to sue for violations thereof. (DMG's rights are hereinafter referred to collectively as the "Exclusive Rights").

6. DMG's Exclusive Rights include, specifically, the right to prepare derivative works of the Programs in the Thai language.

7. The Rights Holders and their duly authorized licensees have expended thousands of dollars to create, advertise and distribute the Programs.

8. As a result of the success of the Programs and DMG's use and promotion of its Exclusive Rights in and to the Programs, the Programs have become firmly associated with the quality of DMG's business. In order to maintain its reputation for quality as well as the value of its licenses, DMG maintains strict quality control over its duly authorized licensees. In doing so, DMG carefully ensures the quality of the derivative works distributed by its licensees and the advertising and promotional materials used by its licensees in connection with the promotion, reproduction and distribution of the Programs.

9. Plaintiff has not authorized Defendants to distribute, display, perform, prepare derivative works, or to reproduce the Programs, or to advertise, promote, upload, make available for download, download, offer for sale or sell the Programs.

10. Plaintiff alleges that Defendants have sold unauthorized copies of its Programs in violation of its Exclusive Rights (the "Accused Programs"). Defendants enter into this Judgment without admitting liability.

11. Defendants and their respective officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates, related companies, and any and all persons and entities under Defendants' direction or control, or in active concert or participation with any of them, agree to be contractually enjoined and are immediately and permanently enjoined and restrained throughout the world from:

    (a) directly or indirectly infringing the Copyrights, the Programs and Plaintiff's Exclusive Rights as described above in any manner, including generally, but not limited to, manufacturing, importing, copying, displaying, distributing, uploading, making available for downloading, downloading, advertising, selling, and/or offering for sale the Accused Programs and/or any portions thereof, and/or any goods or other unauthorized products that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the Copyrights or Programs and/or any portions thereof without the express written consent of Plaintiff;

    (b) directly or indirectly infringing the common law copyrights of any television series programs and/or episodes held by the Rights Holders (the "Common Law Programs") in any manner, including generally, but not limited to, manufacturing, importing, copying, displaying, distributing, uploading, making available for downloading, downloading, advertising, selling, and/or offering for sale the Common Law Programs and/or any portions thereof, and/or any goods or other unauthorized products that picture, reproduce, or utilize the likenesses of or which copy or bear a

substantial similarity to any of the Common Law Programs and/or any portions thereof without the express written consent of the Rights Holders;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants, the Accused Programs sold by Defendants, or Defendants themselves are connected with Plaintiff or its licensors, are sponsored, approved, or licensed by Plaintiff or its licensors, or are in some way connected or affiliated with Plaintiff or its licensors;

(d) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff or its licensors;

(e) diluting and infringing the aforementioned copyrighted works and damaging Plaintiff's goodwill, reputation and business; and

(f) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(e) above.

12. In connection with the prohibitions set forth in Paragraph 11, above, Defendants agree to and shall conduct all reasonable due diligence to determine the lawful owner of any Korean television series or episodes prior to importing, copying, displaying, distributing, uploading, making available for downloading, downloading,

advertising, selling and/or offering for sale any such programs including without limitation performing searches of the U.S. Copyright Office online database, obtaining legalized chains of title, and confirming with the Rights Holders whether they claim ownership to any such titles or episodes.

13. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the settlement agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

14. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

15. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendant.

Dated: November 20, 2009

_____
Hon. George H. Wu
United States District Judge

-5-

1 | Presented by:

2 | ANTHONY M. KEATS
    KONRAD K. GATIEN
3 | KEATS McFARLAND & WILSON LLP
    9720 Wilshire Boulevard, Penthouse Suite
4 | Beverly Hills, California 90212
    (310) 248-3830
5

  | _____
6 | Konrad K. Gatien
    Attorneys for Plaintiff
7 | Digital Media Group, Inc./DMG
    d/b/a KJ Entertainment
8

9 | **CONSENTS**

10 | The undersigned hereby consent to the entry of the Final Judgment Upon
11 | Consent.

12

13 | Dated: _____, 2009     IPTV CORPORATION d/b/a THAITV.TV

14

15 |                                 By: _____
                                        Ron Petcha, Owner and President
16

17
   | Dated: _____, 2009     BKT GROUP CORPORATION
18

19
   |                                 By: _____
20 |                                    Ron Petcha, Owner and President

21

22 | Dated: _____, 2009     DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ
23 |                                 ENTERTAINMENT

24

25 |                                 By: _____
                                        Dong Ju Yang a/k/a Jay Yang,
26 |                                    Owner and President

27

28